| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | ECF CASE |
| CHINA EXPORT AND CREDIT<br>INSURANCE CORPORATION a/k/a<br>SINOSURE, and HEFEI REACHEVER<br>IMPORT AND EXPORT LTD., | No. 7:23-cv-5549 |
| *Petitioners*, | **PETITION TO CONFIRM<br>ARBITRATION AWARD** |
| - against - | |
| API INTERNATIONAL GROUP, LLC, | |
| *Respondent*. | |

Petitioners China Export and Credit Insurance Corporation a/k/a Sinosure ("Sinosure") and Hefei Reachever Import and Export Ltd. ("Hefei" and together with Sinosure, "Petitioners"), submit this petition, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the arbitration award rendered in an underlying arbitration between Sinosure, Hefei, and API International Group, LLC ("API" or "Respondent"), *et seq.*, and hereby allege as follows:

**PARTIES**

1. Sinosure is a state-owned Chinese export credit insurance corporation established under the laws of the People's Republic of China, with its principal office in Beijing, China. Sinosure sues herein as the subrogated insurer having paid the insurance claim of insured Hefei.

2. Hefei is a corporation organized and existing under the laws of the People's Republic of China, with business operations in Hefei, Anhui Province, People's Republic of China. Hefei sources, purchases, and resells ingredients manufactured in China to its customers.

3. API is a limited liability company organized and existing under the laws of the State of New York, with business operations in Yonkers, New York. API purchases, imports, and resells ingredients for use in the manufacture of dietary supplements and other products.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Petitioners seek to confirm the arbitration award under the FAA.

5. Alternatively, this Petition may be brought under the diversity jurisdiction of this Court, 28 U.S.C. § 1332(a)(2), as there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over the parties as the seat of the underlying arbitration was New York.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Respondent resides in this District and is subject to personal jurisdiction in this District and because the arbitration was conducted and the arbitration award was rendered in this District.

## FACTUAL AND PROCEDURAL BACKGROUND

8. This petition stems from an arbitration award, entered on or about December 9, 2022 ("Award"), by the International Arbitral Tribunal of the International Centre for Dispute Resolution, the international division of the American Arbitration Association (the "Tribunal"). (Declaration of Aimée Scala, filed concurrently ("Scala Decl."), **Exhibit A**.)

9. The underlying dispute between the parties arose out of a series of supply agreements concerning the sale of ingredients for use in dietary supplements and other products entered into between Hefei and API during 2018 and 2019. (*Id.*, **Exbibit B**.)

10. The supply agreements provided that the arbitration of any dispute "shall be settled by arbitration administered by the American Arbitration Association in New York, New York in

accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (*Id.*)

11.     On May 27, 2020, API initiated arbitration by filing a Statement of Claim with the Tribunal against Hefei for breach of the supply agreements, and against Sinosure as subrogee of Hefei.

12.     After completing discovery and pre-hearing submissions and motions, arbitration proceedings were conducted on June 21, June 22, and July 19, 2022.

13.     The parties had a full and fair opportunity to present their respective cases.

14.     After the proceedings the Tribunal found that API breached certain of the parties' supply agreements and awarded Hefei $377,722.88, plus costs and expenses of $29,314.93, and attorneys' fees and expenses of $66,817.47. (*Id.*, **Exhibit A** at 56.)

15.     To date, Respondent has failed or refused to honor or satisfy the Award.

## REQUESTED RELIEF

16.     The FAA governs the Award because the Award arises from a contractual relationship that involves commerce and contains an arbitration clause. 9 U.S.C. § 2.

17.     The Award in all respects conforms to the requirements of 9 U.S.C. § 9.

18.     No prior application to confirm the Award has been previously made in this or any other Court.

19.     Petitioners request that this Court confirm the Award pursuant to Section 9 of the FAA, which provides that a prevailing party in an arbitration may apply for an order confirming the award and that the court "must grant such order unless the award is vacated, modified, or corrected" as provided elsewhere in the FAA. 9 U.S.C. § 9.

4878-9873-0343, v. 3

20. Petitioners have not received service of any motion or other pleading or notice that any party to the arbitration has commenced a judicial proceeding to vacate, modify, or otherwise correct the Award, and the three-month time period for doing so has expired. 9 U.S.C. § 12.

21. Petitioners have timely filed this Petition because the Petition was filed within one year after the Award was rendered. 9 U.S.C. § 9.

WHEREFORE, Petitioners respectfully request that this Court enter an Order:

    a) Confirming the Award in all respects;

    b) Awarding all interest accrued on the Award since it was rendered;

    c) Awarding costs, disbursements, expenses and attorneys' fees incurred in bringing this petition; and

    d) Granting such further and other relief as this Court deems just and proper.

Dated: June 28, 2023

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**

By: _Aimée Scala_
    Aimée Scala

1350 Avenue of the Americas, 2nd Floor
New York, NY 10019

*Attorneys for Petitioners*
*China Export and Credit Insurance*
*Corporation a/k/a Sinosure and*
*Hefei Reachever Import and Export Ltd.*