UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINA EXPORT AND CREDIT
INSURANCE CORPORATION a/k/a
SINOSURE, and HEFEI REACHEVER
IMPORT AND EXPORT LTD.,

         *Petitioners*,

- against -

API INTERNATIONAL GROUP, LLC,

         *Respondent*.

ECF CASE

No. 7:23-cv-05549

**DECLARATION OF AIMÉE SCALA IN SUPPORT OF PETITIONERS' ORDER TO SHOW CAUSE WHY DEFAULT JUDGMENT SHOULD NOT BE ENTERED AGAINST RESPONDENT**

**I, AIMÉE SCALA,** declare under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      I am an attorney with Mazzola Lindstrom LLP, attorneys for Petitioners China Export and Credit Insurance Corporation a/k/a Sinosure and Hefei Reachever Import and Export Ltd. I make this declaration in support of Petitioners' order to show cause why default judgment should not be entered against Respondents pursuant to FED. R. CIV. P. 55(b)(2) and LOC. CIV. R. 55.2(b).

2.      Petitioners commenced this action on June 28, 2023, seeking a judgment of confirmation of a December 9, 2022 arbitration award rendered against respondent API International Group, LLC, ("Respondent"). Attached hereto as **Exhibit 1** is the Petition and supporting declaration and exhibits, to which no response has been made.

3.      Petitioners served a summons and the Petition on Respondent via the New York Secretary of State on July 5, 2023. (ECF 7.) Proof of service was filed on July 10, 2023. (*Id*., and attached hereto as **Exhibit 2**.)

4.     On August 11, 2023, after the time for Respondent to answer or otherwise move with respect to the Petition had passed, Petitioners requested that the Clerk of the Court issue a Certificate of Default as to Respondent. (ECF 9, 10.)

5.     That same day, on August 11, 2023, a Certificate of Default was entered by the Clerk of Court, which was later withdrawn pursuant to a stipulation entered into by the parties and so-ordered by this Court. (ECF 11, 17.)

6.     Also on that same day, counsel for Respondent appeared in the action. (ECF 12, 13.)

7.     Respondent's counsel also filed a letter to this Court requesting an extension to "appear and/or move in this action." (ECF 14 at 1.)

8.     On August 14, 2023, this Court directed Respondent to confer with counsel for Petitioners regarding whether Petitioners intended to withdraw the Certificate of Default, given Respondent's intention to respond to the Petition. (ECF 15.)

9.     Counsel for the parties conferred and entered into a stipulation so-ordered by this Court on August 17, 2023, extending Respondent's time to answer or otherwise move with respect to the Petition to September 1, 2023. (ECF 17.)

10.    Despite appearing in the case, Respondent has not answered the Petition or otherwise defended the action and the time for Respondent to answer or otherwise move has not been extended beyond September 1, 2023.

11.    On September 7, 2023, Petitioners again sought an entry of default by the Clerk of the Court. (ECF 18-19.)

12.    On September 8, 2023, the Clerk of the Court filed a Certificate of Default against Respondents. (ECF No. 20, attached hereto as **Exhibit 3**.)

13.    Pursuant to FED. R. CIV. P. 55(b)(2), Petitioners request that default judgment be entered in their favor and against Respondent and that the arbitration award be confirmed with interest accrued from the date it was rendered and costs, expenses, and attorneys' fees incurred.

14.    Petitioners seek confirmation of an arbitration award and "the arbitrator's award is 'susceptible of mathematical calculation' and therefore entry of default judgment without inquest is appropriate." *Trustees for the Mason Tenders Dist. Council Welfare Fund v. One Ten Restoration Corp.*, No. 15-CV-10000(JPO), 2016 U.S. Dist. LEXIS 158456, at *14 (S.D.N.Y. Nov. 16, 2016) (citations omitted).

15.    The arbitration award granted an award in Petitioners' favor in the amount of $377,722.88 in damages for breach of the parties' contract, plus $66,817.47 in attorneys' fees and costs, plus $29,314.93 in administrative fees and expenses for a total amount of $473,855.28. (*See* **Exhibit 1** at 57.)

16.    The arbitration award specified that the award was due 30 days after the rendering of the award, on January 8, 2023. (*Id*.)

17.    On June 28, 2023, Petitioners incurred costs amounting to $402.00 in order to commence this action.

18.    On or about July 6, 2023, Petitioners incurred costs amounting to $140.25 in order to serve Respondent with the Petition and supporting documents.

19.    No previous application has been made for the relief sought herein.

20.    For the reasons stated above and in the accompanying papers, the Petitioners' respectfully request that that the Court issue the requested order, directing that the Respondent show cause why a default judgment should not be entered against it.

4876-0260-7758, v. 5

WHEREFORE, it is respectfully requested that the Court issue the accompanying order to show cause, and that, upon hearing the motion in due course, judgment be entered in Petitioners' favor in conformity, in sum and substance, with the proposed judgment submitted herewith.

Dated:  January 10, 2024

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

By: _____
      Aimée Scala

1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(917)-913-8763
aimee@mazzolalindstrom.com

*Attorney for China Export and Credit Insurance Corporation a/k/a/ Sinosure, and Hefei Reachever Import and Export Ltd.*

4876-0260-7758, v. 5